■ DAVID FITZGIBBON, JR., Appellant, v COUNTY OF NASSAU, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered March 27, 1990, which, upon a jury verdict, is in favor of the defendant County of Nassau and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, we find that the Supreme Court did not err by failing to charge the jury that the plaintiff had a lesser burden of proof due to retrograde amnesia. Generally, a plaintiff who suffers amnesia as the result of a defendant's act is not held to as high a degree of proof in establishing his right to recover for injury as is a plaintiff who can describe the events *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 333; *Schechter v Klanfer,* 28 NY2d 228). Notwithstanding that the plaintiff proved by clear and convincing evidence that his amnesia resulted from being struck by a vehicle while he attempted to cross Sunrise Highway, this rule is not applicable because the plaintiff's version of events can be pieced together from his trial testimony *(see, Jarrett v Madifari,* 67 AD2d 396). In fact, the only thing about the occurrence the plaintiff did not recall was being hit by the car.

We further find that the jury's determination that the operator of the vehicle which struck the plaintiff was not negligent in the operation of his vehicle is not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.