■ Martin Dulin et al., Appellants, v Patricia Maher, Respondent. [607 NYS2d 67] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Graci, J.), entered June 17, 1991, which, upon a jury verdict, is in favor of the defendant and against the plaintiffs dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

We find that the court did not err in ordering a bifurcated trial, as the plaintiffs failed to establish that the nature of the injuries suffered by the infant plaintiff was relevant to the issue of liability *(see, Amato v Hudson Country Montessori School,* 185 AD2d 803; *Parmar v Skinner,* 154 AD2d 444). Specifically, the plaintiffs failed to show that they could

produce medical proof to support the infant plaintiff's claim that he suffered from amnesia as a result of the accident *(see, Parmar v Skinner, supra)*. Moreover, in view of the absence of expert testimony to support the claim of amnesia, the court did not err in refusing to charge the jury pursuant to *Noseworthy v City of New York* (298 NY 76), that the plaintiffs had a lesser burden of persuasion *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 334-335; *see also, Schechter v Klanfer,* 28 NY2d 228).

The court did not err in precluding the plaintiffs' accident reconstruction expert from testifying. Generally, the question of whether expert testimony is admissible is addressed to the sound discretion of the trial court *(see, Selkowitz v County of Nassau,* 45 NY2d 97, 101-102). Here, the plaintiffs' expert testified that he did not inspect the intersection where the accident occurred until almost three years after the accident and that he was not familiar through other sources with the condition of the intersection at the time of the accident. Consequently, the plaintiffs failed to establish a proper foundation for his testimony *(see, Cassano v Hagstrom,* 5 NY2d 643; *Tucker v Elimelech,* 184 AD2d 636).

We further conclude that the court's charge as a whole sufficiently instructed the jury as to the law of proximate cause *(see, Scandell v Salerno,* 155 AD2d 523). Finally, the plaintiffs' contention that the defense counsel improperly vouched for the credibility of his client during summation is not preserved for appellate review, and, in any event, we find that the comments complained of do not rise to the level of error mandating reversal *(see, Kamen v City of New York,* 169 AD2d 705). Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.