■ MICHAEL STANFORD, Appellant, v PAUL RESLER et al., Respondents. [615 NYS2d 46] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Hillery, J.), entered April 2, 1992, which, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This case arose from an automobile accident occurring on New York State Highway Route 208 in Orange County. On August 27, 1984, while driving southbound on Route 208, the plaintiff was unable to negotiate a sharp left-hand curve. His vehicle struck a guardrail on the right-hand side of the roadway, crossed over both the southbound and northbound lanes, and struck a tree beyond the shoulder of the northbound lane. Almost instantaneously thereafter, the plaintiff's vehicle was involved in a second collision when it was struck from behind by a van driven by the defendant Paul Resler and owned by the defendant Chrysler Corporation. In a related claim by the plaintiff against the State of New York, the Court of Claims found, and this Court agreed, that the plaintiff's failure to operate his vehicle with due care was the proximate cause of the initial collision (see, Stanford v State of New York, 167 AD2d 381).

Thus, insofar as it had previously been determined, as a matter of law, that the first collision was due solely to the plaintiff's own negligence, the Supreme Court properly charged the jury that the lesser standard of proof afforded by Noseworthy v City of New York (298 NY 76) to actions brought by certain plaintiffs could only be applied if it found that the plaintiff's loss of memory occurred as a result of the second collision (see, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328).

In addition, we find that the trial court properly denied the plaintiff's application for a joint trial on the issues of liability and damages. As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried and determined separately (see, CPLR 603; *Martinez v Town of Babylon,* 191 AD2d 483; *Armstrong v Adelman Automotive Parts Distrib. Corp.,* 176 AD2d 773; *Parmar v Skinner,* 154 AD2d 444, 445). It is only where the nature of the injuries has an important bearing on the issue of liability that a joint trial on both issues should be held (see, *Dulin v Maher,* 200 AD2d 707; *Amato v Hudson Country Montessori School,* 185 AD2d 803; *DeGregoria v Lutheran Med. Ctr.,* 142 AD2d 543). Here, the only evidence of the plaintiff's injuries which had a direct bearing on the issue of liability was the medical testimony regarding the plaintiff's amnesia. This testimony was relevant to the application of the *Noseworthy,* rule and was, therefore, properly introduced at trial. However, the plaintiff failed to show a need to introduce any additional evidence of his alleged injuries in order to establish liability (see, *Dulin v Maher,* 200 AD2d 707, *supra; Martinez v Town of Babylon, supra; Amato v Hudson Country Montessori School, supra; Armstrong v Adelman Automotive Parts Distrib. Corp., supra).* Accordingly, the trial court's denial of his application for a joint trial was a proper exercise of its discretion.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.