■ CHARLOTTE LIEBGOTT, Appellant, v CITY OF NEW YORK, Respondent. [624 NYS2d 252] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated April 8, 1993, which, upon a jury verdict in favor of the defendant and against her on the issue of liability, granted judgment in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that reversal is required because the trial court's initial jury instruction as to the definition of proximate cause erroneously implied that there could be only one proximate cause of the accident. However, this contention is unpreserved for appellate review, inasmuch as the plaintiff never advanced this precise argument in the trial court, nor did she object to the charge as given on this ground *(see,* CPLR 4110-b; *see generally, Haynes v Haynes,* 83 NY2d 954; *Torrado v Lutheran Med. Ctr.,* 198 AD2d 346; *Dukes v 800 Grand Concourse Owners,* 198 AD2d 13). In any event, while the court's initial instruction was erroneous *(see, Capicchioni v Morrissey,* 205 AD2d 959; *Galioto v Lakeside Hosp.,* 123 AD2d 421), the defect was cured by the court's entirely proper supplemental instruction regarding this definition in response to a request for clarification from the jury *(see,* PJI 2:70).

The plaintiff further contends that a portion of the court's charge pertaining to the application of principles of causation to the facts of this case created the potential for juror confusion. However, we are satisfied that any possible confusion was obviated by the remainder of the court's charge and by the supplemental instruction regarding proximate cause. Indeed, the jury expressed its satisfaction with the court's supplemental instruction and submitted no further questions to the court. Accordingly, the record supports the conclusion that the jury was adequately apprised of the proper legal standard for resolving the causation and liability issues in the case *(see, e.g., Dulin v Maher,* 200 AD2d 707). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.