■ JORDAN KAPLAN, Respondent, v NEW FLORIDIAN DINER et al., Appellants. [667 NYS2d 65] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated June 17, 1996, which, upon a jury verdict finding them to be 100 percent at fault in the happening of the accident and awarding the plaintiff damages of $596,000, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted on both liability and damages, with costs to abide the event.

The plaintiff was injured when the ceiling of a diner in which he was eating fell on him. We find that the evidence was insufficient as a matter of law to sustain the jury's verdict in the plaintiff's favor on the theory of the case as presented to it. The plaintiff failed to show that the defendants had actual or constructive notice of the defective condition of the ceiling. Ordinarily, in such circumstances reversal and dismissal of the complaint would be required. However, since the court erred in refusing the plaintiff's request to charge the jury as to the doctrine of res ipsa loquitur (*see, Kambat v St. Francis Hosp.,* 89 NY2d 489; *Dittiger v Isal Realty Corp.,* 290 NY 492; *cf., Slater v Barnes,* 241 NY 284; *see also, Shinshine Corp. v Kinney Sys.,* 173 AD2d 293), the matter must be remitted for a new trial on that theory (CPLR 5501 [a] [1]; 10 Carmody-Wait 2d, NY Prac § 70:377, at 393).

We note that a combined trial as to liability and damages is proper since the nature of the injury had an important bearing on the issue of liability (*see, Roman v McNulty*, 99 AD2d 544), and the issues of damages and liability are so intertwined here as to be inseparable (*see, Adesso v Belting Assocs.*, 128 AD2d 489). Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.