■ KARIN J. LIND, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [705 NYS2d 59] —In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Philip J. Baldelli appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated October 7, 1998, which, *inter alia,* upon a jury verdict finding them 100% at fault in the happening of the accident, and awarding the plaintiff Karin J. Lind the sum of $7,500,000 for past pain and suffering and $5,000,000 for future pain and suf-

fering, is in favor of that plaintiff and against them in the principal sum of $12,500,000.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the first decretal paragraph thereof, and a new trial is granted on the issues of damages for past and future pain and suffering; as so modified, the judgment is affirmed, with costs to the appellants payable by the plaintiff-respondent, unless within 30 days after service upon the plaintiff Karin J. Lind of a copy of this decision and order, with notice of entry, the plaintiff Karin J. Lind shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $7,500,000 to the sum of $1,500,000, and as to damages for future pain and suffering from the sum of $5,000,000 to the sum of $1,250,000, and to the entry of an appropriate amended judgment in her favor accordingly; in the event that the plaintiff Karin J. Lind so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

At trial the plaintiff Karin J. Lind testified that she was riding a bicycle on 69th Street in Brooklyn when a bus owned by the New York City Transit Authority (hereinafter the Transit Authority) moved to the right as it passed her, striking her and knocking her under the rear wheel. As a result of the accident, the plaintiff suffered "massive crush" injuries, including a bilateral pubic bone pelvic fracture, laceration and avulsion of the peritoneum, fractures of the lumbar vertebrae, and fractured ribs. At his examination before trial, the bus driver testified that he did not remember seeing a bicyclist prior to the accident, and that he did not see or feel any impact. Furthermore, in a report made after the accident, the driver claimed that the plaintiff had hit a parked car, lost control of her bicycle, and then struck the rear door of the bus.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a unified trial on the issues of liability and damages. Testimony regarding the nature of the plaintiff's injuries was relevant to the manner in which the accident occurred (*see, Kaplan v New Floridian Diner,* 245 AD2d 548; *Roman v McNulty,* 99 AD2d 544), and was necessary to refute the bus driver's anticipated testimony and corroborate the plaintiff's claim that the bus struck her bicycle and rolled over her.

Furthermore, the court properly allowed the defendant City of New York (hereinafter the City) to impeach the credibility of

one of the plaintiff's witnesses by admitting evidence of a prior inconsistent statement which he had made to an investigator (*see, Larkin v Nassau Elec. R. R. Co.,* 205 NY 267; *Rodriguez v New York City Hous. Auth.,* 215 AD2d 362; *Ahmed v Board of Educ.,* 98 AD2d 736; Prince, Richardson on Evidence § 6-411 [Farrell 11th ed]).

The appellants' contention that the City's attorney made several improper remarks during summation is unpreserved for appellate review since the appellants made only general objections to these comments, did not request further curative instructions when one of their objections was sustained, and did not move for a mistrial (*see, Bacigalupo v Healthshield, Inc.,* 231 AD2d 538; *Liebgott v City of New York,* 213 AD2d 606; *Torrado v Lutheran Med. Ctr.,* 198 AD2d 346). In any event, these isolated comments did not deprive the appellants of a fair trial (*see, Torrado v Lutheran Med. Ctr., supra*).

The award of damages for past and future pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Eccleston v New York City Health & Hosp. Corp.,* 266 AD2d 426; *Driscoll v New York City Tr. Auth.,* 262 AD2d 271; *Krueger v Frisenda,* 218 AD2d 685; *Kwasny v Feinberg,* 157 AD2d 396).

The appellants' remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.