■ ·ELIZABETH COHEN et al., Appellants, v ANTON LUKACS et al., Respondents. [708 NYS2d 133] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LaTorella, J.), dated May 5, 1999, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Elizabette Cohen was injured as the result of a two-car collision involving the car she was operating and a car operated by the defendant Nicole Lukacs. Each driver, traveling along a route perpendicular to the other, claimed that when she entered the intersection where the collision occurred, the traffic light regulating the intersection was in her favor. At trial, the defendants presented the testimony of Nicole Lukacs and one of the two passengers in her car. The plaintiffs requested that a missing witness charge be given to the jury with respect to the second passenger, but the court denied the application. The jury found that the defendants were not negligent in the happening of the accident.

A party is entitled to a missing witness charge when an uncalled witness knowledgeable about a material issue would naturally be expected to provide noncumulative testimony favorable to the party who has not called him or her and is available to that party (*see, People v Gonzalez,* 68 NY2d 424, 427; *Jackson v County of Sullivan,* 232 AD2d 954, 955). Here, the uncalled witness was unavailable as a matter of law since, at the time of trial, she was residing in another State and was beyond the jurisdiction of the court (*see, Dukes v Rotem,* 191 AD2d 35, 38-39; *Zeeck v Melina Taxi Co.,* 177 AD2d 692, 694). In any event, the testimony of the uncalled witness would have been cumulative since the defendant driver and the passenger

who was sitting in the front passenger seat both testified at trial (*see, Lipp v Saks,* 129 AD2d 681, 683-684). Accordingly, the court did not err in denying the plaintiffs' application for a missing witness charge.

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.