■ CAROLINE WRIGHT, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [709 NYS2d 600] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered April 28, 1999, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon a jury verdict on the issue of damages awarding the plaintiff the sum of $150,000 for past pain and suffering and $360,000 for future pain and suffering, and upon denying its motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiff and against it in the principal sum of $510,000.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted as to both liability and damages, with costs to abide the event.

While courts are encouraged to conduct a bifurcated trial in cases involving personal injuries (*see,* 22 NYCRR 202.42 [a]), a unified trial should be conducted where the nature of the injuries has an important bearing on the question of liability (*see, Lind v City of New York,* 270 AD2d 315; *Kaplan v New Floridian Diner,* 245 AD2d 548). The court improvidently exercised its discretion in conducting a bifurcated trial in light of the defendant's effort, announced well before trial, to establish the plaintiff's fault in the happening of the accident by presenting evidence as to the nature of her injuries.

The court also erred in redacting from the emergency room record, which was otherwise admissible as a business record

(*see,* CPLR 4518), a statement that the plaintiff had been running immediately prior to sustaining the injury. As the "business of a hospital * * * is to diagnose and treat its patients' ailments," a "narration of the accident causing the injury" is inadmissible if "not germane to diagnosis or treatment" (*Williams v Alexander,* 309 NY 283, 287). However, "a patient's explanation as to how he was hurt may be helpful to an understanding of the medical aspects of his case" (*Williams v Alexander, supra,* at 288). The circumstances of this case do not present an instance in which detail irrelevant to the rendering of medical diagnosis or treatment was included in the emergency room record.

In light of our determination, we do not consider the defendant's remaining contentions. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.