■ JOHN BERTELLE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and GENERAL RAILWAY SIGNAL CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. L.K. COMSTOCK & COMPANY, INC., Third-Party Defendant. [796 NYS2d 415]—

In an action to recover damages for personal injuries, etc., the plaintiffs, John Bertelle and Debra Bertelle, appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated March 22, 2004, which, upon a jury verdict, is in favor of the defendants and against the plaintiff John Bertelle on the issue of liability, dismissing the complaint.

Ordered that the appeal by the plaintiff Debra Bertelle is dismissed on the ground that she is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A jury verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Corcoran v People's Ambulette Serv.*, 237 AD2d 402, 403 [1997]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution of these issues is entitled to deference (*see Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470*, 239 AD2d 339 [1997]; *see also Schray v*

*Amerada Hess Corp.*, 297 AD2d 339 [2002]), and a successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence (*see Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451 [1997]).

The testimony of the foreman for the job where the injured plaintiff, John Bertelle, was engaged when he was allegedly injured clearly established a basis upon which the jury could have reasonably concluded that the injured plaintiff was not standing on an inadequate safety device at the time he was injured. Therefore, the jury verdict was not against the weight of the evidence.

Further, the trial court properly conducted a bifurcated trial. Courts are encouraged to conduct bifurcated trials in personal injury actions (*see* 22 NYCRR 202.42 [a]). A unified trial should be conducted where the nature of the injuries has an important bearing on the question of liability (*see Wright v New York City Hous. Auth.*, 273 AD2d 378 [2000]; *Lind v City of New York*, 270 AD2d 315, 316 [2000]; *Kaplan v New Floridian Diner*, 245 AD2d 548, 549 [1997]). The trial court providently exercised its discretion in conducting a bifurcated trial since the injured plaintiff's injuries did not have a bearing on the issue of liability.

The injured plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.