■ CATHERINE UPTON et al., Appellants-Respondents, v REDMOND PRODUCTS, INC., et al., Defendants and Third-Party Plaintiffs-Respondent, and UNITED STATES CAN COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. Dow BRANDS et al., Third-Party Defendants; Dow CHEMICAL COMPANY et al., Third-Party Defendants-Respondents. [806 NYS2d 653]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Thomas, J.), dated September 19, 2003, as, upon a jury verdict, is in favor of the defendants third-party plaintiffs and the defendant second third-party plaintiff dismissing the complaint insofar as asserted against those defendants, and the defendant

second third-party plaintiff cross-appeals from so much of the same judgment as dismissed the second third-party complaint.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs payable by the plaintiffs.

The plaintiffs allegedly sustained injuries when the plaintiff Catherine Upton was cleaning the outside of a can of hair spray, and the can exploded. The aerosol can was manufactured by the defendant United States Can Company, marketed by the defendants Redmond Products, Inc., and Redmond Products Distributing, Inc., and allegedly sold by the defendant Genovese Drug Stores, Inc. The jury found that Catherine Upton acted negligently in her handling of the aerosol can in question and was 100% at fault in the happening of the accident. On appeal, the plaintiffs contend, inter alia, that the trial court erred in not allowing an occupational therapist to testify about the location and nature of burns on Catherine's body.

"While courts are encouraged to conduct a bifurcated trial in cases involving personal injuries (*see,* 22 NYCRR 202.42 [a]), a unified trial should be conducted where the nature of the injuries has an important bearing on the question of liability" (*Wright v New York City Hous. Auth.,* 273 AD2d 378 [2000]). The instant trial dealt solely with the issue of liability and there was no proof submitted that injuries have an important bearing on the question of liability. The plaintiffs did not offer any evidence demonstrating that the location and extent of Catherine Upton's injuries would indicate how the accident occurred and help determine the appropriate liable party (*cf. Wright v New York City Hous. Auth., supra*). Under the facts of this case, the Supreme Court properly excluded the occupational therapist's testimony concerning injuries allegedly sustained by Catherine Upton.

The plaintiffs' remaining contentions are without merit.

In light of our determination on the appeal, the cross appeal has been rendered academic. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.