■ JOSEPH VINGO, Respondent, v SARANNE ROSNER et al., Appellants. [816 NYS2d 517]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Ruditzky, J.), entered July 1, 2004, which, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $180,000 for past pain and suffering, $500,000 for future pain and suffering, $261,000 for past lost earnings, $1,137,000 for future lost earnings, and $100,000 for future medical expenses, upon an order of the same court dated Febru-

ary 4, 2003, denying that branch of their motion which was pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as against the weight of the evidence and granting that branch of their motion which was to set aside the verdict on the issue of damages as excessive only to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award to the principal sums of $375,000 for future pain and suffering, $135,307 for past lost earnings, $587,450 for future lost earnings, and $50,000 for future medical expenses, and upon the plaintiff's stipulation, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The jury's verdict on the issue of liability was not against the weight of the evidence because the evidence did not so preponderate in favor of the defendants that the verdict could not have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954 [1996]; *Bendersky v M & O Enters. Corp.*, 299 AD2d 434 [2002]; *Payne v Rodriguez*, 288 AD2d 280 [2001]).

The defendants contend that they were entitled to a new trial because the plaintiff's counsel made brief references during the trial to the plaintiff's medical insurance and pending divorce proceeding. The trial court sustained many of the defendants' objections thereto, struck inappropriate testimony, admonished the plaintiff's counsel following those references, and curatively instructed the jury to disregard the irrelevant evidence. Having failed to ask for further curative instructions or move for a mistrial, the defendants' contention is unpreserved for appellate review (*see Lind v City of New York*, 270 AD2d 315 [2000]; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538 [1996]; *Liebgott v City of New York*, 213 AD2d 606 [1995]; *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346 [1993]). In any event, setting aside the jury verdict on the issue of liability was not warranted on that basis as the defendants failed to establish that those isolated instances of misconduct "divert[ed] the jurors' attention from the issues to be determined" or otherwise deprived the defendants of a fair trial (*Torrado v Lutheran Med. Ctr., supra* at 347).

Under the circumstances of this case, the award of damages to the plaintiff, as reduced by the Supreme Court and upon stipulation of the plaintiff, cannot be said to deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374 [2001]; *Frascarelli v Port Auth. of N.Y. & N.J.*, 269 AD2d 422 [2000]; *Garcia v Queens Surface Corp.*, 271 AD2d 277 [2000]).

The defendants' remaining contention is without merit. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.