GEORGE PASQUARETTO, Appellant, v HOPE COHEN et al., Respondents. [829 NYS2d 214]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered April 12, 2005, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

At trial, the plaintiff testified that the front bumper of a vehicle owned by the defendant Richard Cohen and operated by the defendant Hope Cohen (hereinafter the defendant) struck his left knee as he stood in a "no parking" lane situated at roadway level between the sidewalk and roadway of a public thoroughfare. The defendant testified that she was driving in a traffic lane at the time of the accident, and that the plaintiff walked into the passenger door or sideview mirror of her car.

The defendant's daughter was a passenger in the vehicle when the accident occurred, but is not a party to the action. At the time of trial, she was 19 years old, and attending college in Florida. At her deposition, portions of which were read into the record at trial, the daughter testified that the plaintiff was standing in a traffic lane when the accident occurred, and that the defendant's vehicle did not enter the "no parking" lane prior to the accident. The daughter indicated that the plaintiff came into contact with the passenger side of the car behind the front tire, and that he was not struck by the vehicle's bumper.

Contrary to the plaintiff's contention, the court properly denied his application for a unified trial on the issues of liability and damages. Although trial courts are encouraged to conduct a bifurcated trial in personal injury cases, a unified trial should be conducted where the nature of the injuries has an important bearing on the question of liability (see 22 NYCRR 202.42 [a]; Upton v Redmond Prods., Inc., 23 AD3d 551, 552 [2005]; Wright v New York City Hous. Auth., 273 AD2d 378 [2000]). Here, however, the parties stipulated that the plaintiff sustained an

injury of unspecified severity to his left knee, and the plaintiff failed to demonstrate that further evidence as to the extent of his injuries would have helped determine the existence or extent of the defendant's liability (*see Upton v Redmond Prods., supra* at 552; *Felice v Southside Hosp.*, 249 AD2d 359, 360 [1998]; *Stanford v Resler*, 206 AD2d 468, 469 [1994]; *cf. Roman v Mc-Nulty*, 99 AD2d 544 [1984]).

Since the daughter was in Florida at the time of the trial, and therefore beyond the jurisdiction of the court, the plaintiff failed to make an initial showing that she was available to testify (*see* Judiciary Law § 2-b [1]; *Cohen v Lukacs*, 272 AD2d 501 [2000]; *Zeeck v Melina Taxi Co.*, 177 AD2d 692, 694 [1991]). Additionally, the plaintiff failed to demonstrate that the daughter's testimony would be noncumulative of the defendant's testimony on a material issue. Accordingly, the court properly denied his request for a missing witness charge.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.