— In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 17, 2007, as denied that branch of his motion which was pursuant to CFLR 4404 (a) to set aside a jury verdict in favor of the defendant Anthony M. Degrottole and against him as against the weight of the evidence.
Ordered that the order is affirmed insofar as appealed from, with costs.
A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129, 184 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). Here, the parties provided conflicting testimony as to the facts surrounding the accident. Divergent accounts raised questions of credibility to be resolved by the jury. Great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (see Bertelle v New York City Tr. Auth., 19 AD3d 343 [2005]). Applying these principles to the facts of this case, it simply cannot be said that the evidence so preponderated in favor of the plaintiff that the jury could not have reached its verdict in favor of the defendant Anthony M. Degrottole on any fair interpretation of the evidence.
In light of our determination, we need not reach Degrottole’s remaining contentions. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.