■ FARRAH WAHID et al., Appellants, v LONG ISLAND RAIL ROAD COMPANY et al., Respondents, et al., Defendants. [873 NYS2d 738]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Markey, J.), dated April 16, 2007, as denied their motion, inter alia, for a unified trial, and (2) a judgment of the same court entered June 28, 2007, which, upon a jury verdict, is in favor of the defendants Long Island Rail Road Company and Thomas Bakker and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Although trial courts are encouraged to conduct a bifurcated trial in personal injury cases, a unified trial should be conducted where the nature of the injuries has an important bearing on the question of liability (*see* 22 NYCRR 202.42 [a]; *Wright v New York City Hous. Auth.*, 273 AD2d 378 [2000]; *Lind v City of New York*, 270 AD2d 315, 316 [2000]). Here, the plaintiffs failed to demonstrate how the infant plaintiff's injuries were probative on the issue of the existence or extent of the respondents' liability. The expert report the plaintiffs submitted was wholly conclusory and therefore without probative value (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]; *Lee v City of New York*, 40 AD3d 1048 [2007]; *Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716, 718 [2006]; *Canales v Hustler Mfg. Co.*, 12 AD3d 392 [2004]). Accordingly, the trial court properly denied the plaintiffs' request for a unified trial (*see Upton v Redmond Prods., Inc.*, 23 AD3d 551 [2005]; *Pasquaretto v Cohen*, 37 AD3d 440 [2007]).

The plaintiffs failed to show that they could produce the requisite medical proof to support the infant plaintiff's claim that she suffered from amnesia as a result of the accident, which was required before the issue could be considered by the jury (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 334 [1986]; *Dulin v Maher*, 200 AD2d 707 [1994]). Thus, the trial court properly denied the plaintiffs' request for a *Noseworthy* charge (*Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]; *see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d at 335; *Dulin v Maher*, 200 AD2d 707 [1994]; *see generally Schechter v Klanfer*, 28 NY2d 228 [1971]).

The jury's finding was based on a fair interpretation of the evidence and, thus, was not against the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129, 134-135 [1985]). The conflicting versions of the accident testified to by an eyewitness and the defendant Thomas Bakker raised a question of credibility for the jury to resolve, and as the jury had the opportunity to hear and observe the witnesses, this Court should accord great deference to the jury's determination to credit Bakker's testimony (*see Ahr v Karolewski*, 48 AD3d 719 [2008]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur. [*See* 15 Misc 3d 1120(A), 2007 NY Slip Op 50777(U).]