■ DOLORES CARBOCCI et al., Appellants, v LAKE GROVE ENTERTAINMENT, LLC, et al., Respondents. [883 NYS2d 113]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated December 11, 2008, which denied their motion for a unified trial on the issues of liability and damages and, sua sponte, directed the trial court to give a par-

ticular preliminary instruction to the jury relating to the bifurcation of the case.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the trial court to give a particular preliminary instruction to the jury relating to the bifurcation of the case, is deemed to be an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and in the exercise of discretion, and the plaintiffs' motion for a unified trial on the issues of liability and damages is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Trial courts are encouraged to conduct bifurcated trials in personal injury cases (*see* 22 NYCRR 202.42 [a]). However, where the nature of the plaintiff's injuries has an important bearing on the question of liability, a unified trial should be held (*see Wahid v Long Is. R.R. Co.*, 59 AD3d 712 [2009]; *Wright v New York City Hous. Auth.*, 273 AD2d 378 [2000]). The party opposing bifurcation has the burden of showing that the nature of the injuries necessarily assists the factfinder in making a determination with respect to the issue of liability (*see Barrera v Skaggs-Walsh, Inc.*, 279 AD2d 442 [2001]).

Here, the plaintiff Dolores Carbocci (hereinafter Carbocci) fell while ice skating at a rink owned and operated by the defendant Lake Grove Entertainment, LLC, doing business as Sports Plus (hereinafter Sports Plus). The plaintiffs alleged that Carbocci was removed from the ice by the defendant Patrick Lever, an employee of Sports Plus, either negligently or forcibly, despite Carbocci's instructions to not touch her and to call an ambulance. The defendants assert that Carbocci stood up on her own and was merely assisted from the ice by Lever and other employees of Sports Plus. The plaintiffs moved for a unified trial asserting that evidence with respect to her medical treatment was necessary to prove her case. The Supreme Court denied the motion and, sua sponte, directed the trial court to give a particular preliminary instruction to the jury relating to the bifurcation of the case. We reverse.

The plaintiffs established that Carbocci's injuries are interwoven with the existence or extent of the defendants' liability on both the negligence and battery causes of action (*see Sokolovsky v Mucip, Inc.*, 32 AD3d 1011 [2006]). Evidence relating to Carbocci's injuries is probative in determining how the incident occurred (*see Byrd v New York City Tr. Auth.*, 172 AD2d 579, 581 [1991]; *DeGregorio v Lutheran Med. Ctr.*, 142 AD2d

543 [1988]). Accordingly, the plaintiffs' request for a unified trial was improperly denied as the issues of liability and damages are inseparable (*see Jacobs v Broidy,* 88 AD2d 904 [1982]; *cf. Pasquaretto v Cohen,* 37 AD3d 440 [2007]).

In light of the foregoing, the preliminary instruction the Supreme Court directed the trial court to give to the jury is unnecessary. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.