■ MATTHEW A. PEREZ et al., Appellants, v STACY A. MADOFF et al., Respondents, et al., Defendant. [894 NYS2d 463]—

The plaintiffs' appeal from so much of the judgment entered July 22, 2008, as is in favor of the defendant Stacy A. Madoff must be dismissed, as the plaintiffs are not aggrieved by that portion of the judgment (*see* CPLR 5511). At the close of their case, the plaintiffs stipulated to discontinue the action insofar as it was asserted against that defendant.

Although trial courts are encouraged to conduct bifurcated trials in personal injury cases, a unified trial should be conducted where the nature of the injuries has an important

bearing on the question of liability (*see* 22 NYCRR 202.42 [a]; *Pasquaretto v Cohen,* 37 AD3d 440, 441 [2007]; *Upton v Redmond Prods., Inc.,* 23 AD3d 551, 552 [2005]; *Bertelle v New York City Tr. Auth.,* 19 AD3d 343, 344 [2005]; *Felice v Southside Hosp.,* 249 AD2d 359, 360 [1998]; *Stanford v Resler,* 206 AD2d 468, 469 [1994]). Here, however, the parties stipulated that the infant plaintiff sustained permanent, serious, and debilitating neurological injuries, and the plaintiffs failed to demonstrate that further evidence as to the extent of his injuries would have helped determine the existence or extent of the defendant's liability (*see Pasquaretto v Cohen,* 37 AD3d at 441; *Upton v Redmond Prods., Inc.,* 23 AD3d at 552; *Felice v Southside Hosp.,* 249 AD2d at 360; *Stanford v Resler,* 206 AD2d at 469). Therefore, the court did not improvidently exercise its discretion in granting the defendants' respective motions for a bifurcated trial on the issues of liability and damages.

The plaintiffs' remaining contention is not preserved for appellate review and, in any event, is without merit. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.