■ TREVOR PARRIS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [35 NYS3d 137]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered September 20, 2013, which, upon a jury verdict in favor of the defendants and against him on the issue of liability, and upon an order of the same court dated August 29, 2013, denying his motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a pedestrian, allegedly sustained injuries after he came into contact with a bus owned by the defendant New York City Transit Authority (hereinafter the Transit Authority) and driven by the defendant George Sales. The plaintiff claimed to have no memory of how the accident occurred. An unredacted accident report prepared by a dispatcher employed by the Transit Authority was admitted into evidence at trial over the plaintiff's objection. The report contained a hearsay statement that "[Sales] said [an unidentified] witness stated

pedestrian walking with bottle up to his mouth before contact was made." Sales could not remember exactly when the statement was made.

The jury rendered a verdict in favor of the defendants and against the plaintiff on the issue of liability, finding that the defendants were negligent but that such negligence was not a substantial factor in causing the accident. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence. The Supreme Court denied the motion and a judgment dismissing the complaint was entered. The plaintiff appeals.

The plaintiff's contention that the Supreme Court erred in denying his motion in limine for a unified trial is without merit. Courts are encouraged to bifurcate issues of liability and damages in personal injury trials (*see* 22 NYCRR 202.42). A unified trial should only be conducted " 'where the nature of the injuries has an important bearing on the issue of liability' " (*Abrams v Excellent Bus Serv., Inc.*, 91 AD3d 681, 682 [2012], quoting *Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]; *see Wahid v Long Is. R.R. Co.*, 59 AD3d 712, 712 [2009]). "The party opposing bifurcation has the burden of showing that the nature of the injuries necessarily assists the factfinder in making a determination with respect to the issue of liability" (*Carbocci v Lake Grove Entertainment, LLC*, 64 AD3d 531, 532 [2009]). Here, the plaintiff failed to establish that the nature of his injuries was probative in determining how the incident occurred (*see Galarza v Crown Container Co., Inc.*, 90 AD3d 703, 704 [2011]; *Wahid v Long Is. R.R. Co.*, 59 AD3d 712, 712 [2009]; *Upton v Redmond Prods., Inc.*, 23 AD3d 551, 551 [2005]; *Smith v Sullivan*, 99 AD2d 776, 776 [1984]).

Furthermore, the Supreme Court did not err in denying the plaintiff's request for a charge to the jury that an amnesiac plaintiff is held to a lower standard of proof than a plaintiff who could testify to the events (*see Schechter v Klanfer*, 28 NY2d 228 [1971]). The plaintiff did not produce medical evidence supporting his claim of amnesia and its alleged "causal relationship to [the] defendant[s'] fault" (*Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335 [1986]). In addition, while the plaintiff claimed to have no memory of the occurrence of the accident itself, he was able to recall and testify about the sequence of events leading up to the moment of impact (*see Miceli v GEICO Props.*, 215 AD2d 461, 462 [1995]; *Fitzgibbon v County of Nassau*, 182 AD2d 670, 670 [1992]; *Jarrett v Madifari*, 67 AD2d 396, 403 [1979]).

We agree with the plaintiff's contention that it was error to

admit into evidence the hearsay statement contained in the report prepared by the Transit Authority dispatcher, since it did not qualify under any exception to the hearsay rule (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174 [2007]; *see also Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Matter of Talisveyber v Motor Veh. Acc. Indem. Corp.*, 16 AD3d 425, 426 [2005]). However, under the circumstances, the error did not constitute prejudice or reversible error, as we are satisfied that the result would have been the same even if the statement had not been improperly admitted (*see* CPLR 2002; *Simone v McNamara*, 59 AD3d 349, 349 [2009]; *Rizzuto v Getty Petroleum Corp.*, 289 AD2d 217, 218 [2001]; *Barracato v Camp Bauman Buses*, 217 AD2d 677 [1995]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.