I.R. v Santos (2026 NY Slip Op 00270)

I.R. v Santos

2026 NY Slip Op 00270

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-06877
 (Index No. 604708/21)

[*1]I. R., etc., et al., appellants, 
vJacinto Santos, et al., respondents.

Palermo Law, PLLC, Hauppauge, NY (Courtney V. Troyan of counsel), for appellants.
Martin, Fallon & Mullé (Kelly, Rode & Kelly, LLP, Mineola, NY [Erica P. Tosca], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated June 20, 2024. The order denied the plaintiffs' motion for a unified trial on the issues of liability and damages.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion for a unified trial on the issues of liability and damages is granted.
On May 16, 2020, the infant plaintiff allegedly was injured when her right foot was run over by the wheel of a van operated by the defendant Wilber Gonzalez and owned by the defendant Jacinto Santos. The plaintiffs' account of the accident was disputed by Gonzalez, who testified at his deposition that the van was not in operation at the time of the accident and that while he was working on a roof, he heard the infant plaintiff crying and looked down to see the infant plaintiff's father picking her up and the infant plaintiff's bicycle laying on the ground. In March 2021, the infant plaintiff, by her mother, and the infant plaintiff's mother, individually, commenced this action to recover damages for personal injuries against Gonzalez and Santos.
After the completion of discovery, the plaintiffs moved for a unified trial on the issues of liability and damages. In support of the motion, the plaintiffs argued that the nature and extent of the infant plaintiff's alleged injuries was probative of whether the alleged injuries were caused by the infant plaintiff's foot having been run over by a van or the infant plaintiff having fallen from a bicycle and, thus, pertained directly to the issue of liability. In an order dated June 20, 2024, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"Unified trials should only be held 'where the nature of the injuries has an important bearing on the issue of liability'" (Wright v New York City Tr. Auth., 142 AD3d 1163, 1163-1164, quoting Berman v County of Suffolk, 26 AD3d 307, 308). "'The party opposing bifurcation has the burden of showing that the nature of the injuries necessarily assists the factfinder in making a determination with respect to the issue of liability'" (Parris v New York City Tr. Auth., 140 AD3d 938, 939, quoting Carbocci v Lake Grove Entertainment, LLC, 64 AD3d 531, 532). "Although [*2]bifurcation is encouraged in appropriate settings, bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases" (Castro v Malia Realty, LLC, 177 AD3d 58, 66). Thus, "'[t]he decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion'" (Wright v New York City Tr. Auth., 142 AD3d at 1163, quoting Abrams v Excellent Bus Serv., Inc., 91 AD3d 681, 682).
Here, the plaintiffs and Gonzalez offered conflicting accounts of how the infant plaintiff allegedly was injured, and the plaintiffs demonstrated that evidence regarding the nature of the infant plaintiff's alleged injuries was probative in determining how the accident occurred (see Marisova v Collins-Brewster, 223 AD3d 891, 892; Castro v Malia Realty, LLC, 177 AD3d at 65-66; Lind v City of New York, 270 AD2d 315, 316). Thus, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for a unified trial on the issues of liability and damages.
The defendants' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court