■     WALTER L. MARTIN, as Administrator of the Estate of JOAN MARTIN, Deceased, Appellant, v. CHARLES MARSHALL et al., Respondents. (Action No. 1.) JUDY DUMAS, an Infant, by FLOYD DUMAS, Her Guardian ad Litem, Respondent, v. CHARLES MARSHALL, Respondent, et al., Defendant, and WALTER L. MARTIN, as Administrator of the Estate of JOAN MARTIN, Deceased, Appellant. (Action No. 2.) FLOYD DUMAS, Respondent, v. CHARLES MARSHALL, Respondent, et al., Defendant, and WALTER L. MARTIN, as Administrator of the Estate of JOAN MARTIN, Deceased, Appellant. (Action No. 3.) — *Per Curiam.* Appeals by administrator as a plaintiff and as a defendant from judgments entered upon verdicts in personal injury and wrongful death actions predicated on negligence in the operation of an automobile involved in a one-car accident. The plaintiffs Dumas contend that the intestate, Joan Martin, was the operator of the automobile, which was owned by Charles Marshall; while the administrator asserts that it was operated by Gerald Marshall. There was no claim that Miss Dumas, the third occupant of the car, was driving; and the jury's special finding that the car was operated by Miss Martin, rather than Mr. Marshall, was supported by the overwhelming weight of the evidence and, in particular, by physical evidence which seems nearly incontrovertible. In this situation, error in the receipt of certain hearsay evidence on the issue of identity, cumulative to the great mass of competent evidence, was not prejudicial and does not warrant reversal. (CPLR 2002.) There appears no merit in appellant's contention that there was error in the court's charge that the administrator, in his plaintiff's action, had the burden of proving that the car was operated by Gerald Marshall. While it is true, as appellant argues, that the administrator did not have the burden of proving his intestate's freedom from contributory negligence, proof that Mr. Marshall was driving, or, conversely, that Miss Martin was not, was essential to establish a duty owed to Miss Martin by the absent owner of the car, as the essential prerequisite to proof of an actionable breach of that duty — this quite aside from the issue of contributory negligence as such. The issue of identity was properly determined by a special verdict, in writing, applicable to all the cases, rendered pursuant to the court's direction that the jury respond to three questions — whether Mr. Marshall was the operator, whether Miss Martin was the operator or whether the jury was unable to find which of these two was the operator.

In declining to permit an attorney retained by a second liability insurance carrier, which afforded excess coverage to Miss Martin, to cross-examine a particular witness and to sum up on behalf of the administrator as plaintiff, the trial court acted well within the area of discretion necessarily committed to it. (CPLR 4011.) Two attorneys were already participating in the trial on behalf of the administrator, as plaintiff and as defendant, when the participation of the third was sought; not before commencement of the trial, as orderly procedure would dictate, but after the trial was well under way and three witnesses had been examined. The difficulties ordinarily inherent in the situation of personal injury and death actions on trial together, in particular as respects the task of making clear to the jury the differing applications of the rules of negligence, contributory negligence and burden of proof, were complicated in this case by the injection of still another variant by reason of the sharply contested issue respecting the identity of the driver; and to permit the participation of two attorneys representing substantially the same defensive interest, in addition to the attorney representing the plaintiff's interest, could very well add complication and confusion with no particular benefit to any party, so far as the record discloses. The trial court had authority to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue" (CPLR 4011) and to determine that those purposes would best be promoted by the rulings now complained of. The statutory provision quoted simply confirms that "the broad common-law powers of New York judges over conduct in their own courtrooms have been continued and have not been eliminated or impinged upon by any of the explicit CPLR provisions". (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4011.03.) The issue as to the identity of the operator was carefully and clearly delineated in the trial court's charge; and there being no evidence whatsoever in rebuttal of the presumption that the car was operated with the owner's permission, permissive use by the operator, whether Miss Martin or Mr. Marshall, was established and the court's charge concerning it was proper. (*Brindley* v. *Krizsan*, 18 A D 2d 971, affd. 13 N Y 2d 976.) We find no basis for disturbing the exercise of the trial court's discretion in denying an application, made some days after the commencement of the trial, to take the deposition of a witness confined in a hospital for the mentally ill. Her serious condition was ascertained upon investigation by the Trial Judge, whose finding was not questioned by counsel, who apparently had undertaken no investigation before making their informal application. Judgments affirmed; in Action No. 1, without costs, and in Actions Nos. 2 and 3, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.