■ Carol S. Martinez, an Infant, by Delio Martinez, Her Parent, Appellant, v. Helen Apartments, Inc., et al., Respondents.— Judgment, Supreme Court, New York County, entered on December 13, 1971, dismissing the complaint, affirmed, without costs and without disbursements. The accident on which this suit is based occurred over 18 years ago and suit was not started for over 12 years after the event. It happened when a metal upright of a ladder on a sliding pond maintained by the defendant for its tenants' children became loose and swayed, causing the infant plaintiff to fall. The upright was held in position by two screws which periodically required tightening. It appears that this was done at more or less regular intervals. It does not appear that the interval between the last inspection before the accident and the accident itself was unduly long. Nor does it appear that there was any notice to defendant that the screw in question had become loose. On the contrary, it appears that the entire device was in use and apparently safe immediately prior to the accident. Plaintiff's claim that the ladder was improperly constructed in that it might have been safer had there been additional points of securing it is belied by the fact it functioned satisfactorily while properly maintained. The complaint was properly dismissed. Concur — Markewich, J. P., Steuer and Tilzer, JJ.; Nunez and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J.: I dissent in the belief that the trial court

erred when, at the conclusion of plaintiff's case, and after defendants rested without putting in a defense, it granted defendants' motion to dismiss on the ground that the proof failed to establish any actionable negligence. This court set forth the rule of law applicable to this situation in *James* v. *Holder* (34 A D 2d 632) as follows: "In dismissing the complaint at the close of plaintiff's evidence on a jury trial, the court acted contrary to the well-recognized rule that, upon a motion then made, all the fair and reasonable inferences that can be adduced from the evidence must be considered in the light most favorable to the plaintiff, and if upon a consideration of such inferences, the plaintiff would be entitled to recover, the complaint may not be dismissed. (*Rodak* v. *Fury*, 31 A D 2d 816; *Brownlee* v. *Hot Shoppes*, 23 A D 2d 848; *Lomoriello* v. *Tibbets Contr. Corp.*, 18 A D 2d 911, affd. 13 N Y 2d 736.)" The facts set forth in the majority opinion themselves establish a prima facie case of negligence requiring submission to a jury. The fact that this action was not commenced until 12 years after the accident is totally irrelevant and, in fact, defendants, in their brief, acknowledge that this fact "did not bar the infant from suing". Defendants conceded further, in their brief submitted to this court, as follows: "It is undisputed that the accident occurred because the top portion of the handrail located on the left side of the metal ladder leading to the slide, which was fastened to the ladder by a metal bolt, became unfastened while the infant plaintiff was ascending the ladder, causing her to lose her balance and fall from the ladder." I do not understand how the majority can urge that defendants did not have notice that the screw in question had become loose when, at another point, they concede that both screws which fastened the handrail to the ladder "periodically required tightening". The infant's mother testified that she, at different times, complained to defendants' workers that the handrails were loose. Defendants' assistant superintendent testified that the accident occurred while he was away on a one-week vacation and that he had checked the railing before he left on his vacation. The record indicates the following: "THE COURT: Before he went on his vacation he checked it. Q. What did you see when you checked it? A. It was loose. Q. What was loose? A. Screws was loose. I tight it up. Q. What screws are you talking about? A. The rail, what you call it, the rail on the left. Q. You mean the railings that go up the sliding pond? A. Yes, and one railing was loose. So I tighten it up." The witness testified further that he would check the railings "Every time it need. Maybe a week, maybe two weeks. Somebody complain I go to check it out." Finally this witness testified, somewhat inconsistently with his earlier testimony, that the last time he fixed the sliding pond railing before he went on his vacation "was a month or more [prior to leaving]". From the foregoing it appears obvious that the dangerous condition inherent in this defective sliding pond really was a chronic condition of which defendants had notice. Under these circumstances, and in view of facts conceded by defendants, I believe that a sufficient case was made out by plaintiff.