■ PAUL SMITH, Respondent, v JOSEPH SULLIVAN et al., Appellants, et al., Defendants. — In an action to recover damages for personal injuries, defendants Joseph Sullivan and Pal Pools, Inc., appeal from an order of the Supreme Court, Nassau County (Balletta, J.), dated April 27, 1983, which granted plaintiff's motion for a joint trial on the issues of liability and damages. Order reversed, as a matter of discretion, with costs, and motion denied. This action arises out of a swimming pool accident, as a result of which plaintiff Paul Smith was immediately rendered a quadriplegic. Plaintiff, who appears to be suffering from amnesia, cannot recall whether he was thrown into the pool or whether he dove into the pool at the shallow end, striking his head on the pool bottom. The affirmation of plaintiff's physician reveals that the severity of the impact is not determinative of the extent of the injuries sustained. Recognizing this, Special Term, nonetheless, granted plaintiff's motion for a joint trial on the issues of liability and damages based upon plaintiff's amnesia. This was error. Where, as here, the plaintiff does not need to offer medical evidence of his injuries in order to establish liability, a joint trial on the issues of both liability and damages should not be held (see *Lowe v Board of Educ.*, 36 AD2d 952; cf. *Roman v McNulty*, 99 AD2d 544). We note, however, that plaintiff may be held to a lesser degree of proof because of his alleged amnesia (see *Schechter v Klanfer*, 28 NY2d 228). Accordingly, plaintiff should be permitted to offer medical evidence as to his amnesia at the liability stage of his bifurcated trial for the purpose of allowing the jury to consider whether he should be held to a lesser degree of proof (see *Schechter v Klanfer, supra;* see, also, *Schwartz v Binder*, 91 AD2d 660). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.