■ VERONICA GEE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Duberstein, J.), entered September 26, 1986, which, upon a jury verdict, is in favor of the defendants.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff was severely injured as the result of a collision between the bicycle she was riding and a bus owned by the defendant New York City Transit Authority and driven by the defendant Anthony Zanatta. Prior to trial, the plaintiff moved for a unitary trial on both the issues of damages and liability.

The court denied the motion, holding that any evidence regarding the plaintiff's injuries would be highly prejudicial to the defendants' case. Thereafter the case went to trial on the issue of liability and the jury rendered a verdict in favor of the defendants. The plaintiff now argues that the trial court erred in denying her motion for a unitary trial on both the issues of damages and liability.

A bifurcated trial is normally appropriate in a negligence case. A trial on the issues of both liability and damages should only be held where the nature of the injuries has an important bearing on the issue of liability (see, Roman v McNulty, 99 AD2d 544; Schwartz v Binder, 91 AD2d 660). In the instant action the plaintiff failed to show a need to introduce evidence of her injuries in order to establish liability (see, Smith v Sullivan, 99 AD2d 776). Therefore, it was not an abuse of discretion for the court to deny the plaintiff's motion for a unitary trial on both the issues of liability and damages. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.