■ LINDA JOCHSBERGER, By Her Parent and Natural Guardian, NORMA J. FINE, et al., Respondents, v LOUIS A. MORANDI et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendants Louis A. Morandi and Louis N. Morandi appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated August 11, 1988, which granted the plaintiffs' motion for a unified trial of the issues of liability and damages.

Ordered that the order is reversed, with costs, and the motion is denied.

Judges are encouraged to conduct bifurcated trials in personal injury actions "where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]). At bar, the plaintiffs have failed to establish the need to depart from this general rule. The appellants have agreed to stipulate that the plaintiffs are to be held to a lesser degree of proof by virtue of the infant plaintiff's comatose condition *(cf., Schwartz v Binder,* 91 AD2d 660; *Raudzens v New York City Tr. Auth.,* 85 AD2d 722). Moreover, given the availability of eyewitnesses able to estimate the speed at which the defendant driver was traveling at the time of impact, and the existence of an accident investigation report estimating speed based upon the car's skid marks, the plaintiffs have failed to establish the need for medical testimony as to the severity of the infant plaintiff's injuries to establish liability *(see, Smith v Sullivan,* 99 AD2d 776; *Smerechniak v*

*Town of Hempstead,* 77 AD2d 944; *cf., Costa v Hicks,* 98 AD2d 137, 143; *Schwartz v Binder, supra; Jacobs v Broidy,* 88 AD2d 904). In contrast, the prejudice that the appellants might suffer if the jury were informed of the infant plaintiff's grave condition when determining liability is patent. Thus, the court erred in granting the plaintiffs' motion for a unified trial. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.