SECOND DEPARTMENT, AUGUST, 1992

(August 3, 1992)

■ ROSEANN AMATO, an Infant, by Her Father and Natural Guardian, STEVEN AMATO, et al., Appellants, v HUDSON COUNTRY MONTESSORI SCHOOL, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Facelle, J.), entered March 30, 1990, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs payable by the plaintiff Steven Amato.

The infant plaintiff was born on April 23, 1981. On March 22, 1985, she was injured at the defendant's prekindergarten playground when she fell climbing the ladder of a "slide upon" (hereinafter slide). Because the device was spiral, the child referred to it as a "twirly slide." In this case, the parties have termed it, variously, as a slide, a slide upon, a sliding pon (a corruption, one suspects, of the latter), and a sliding pond, which, although perhaps the most curious, is most frequently cited in legal circles, at least in New York *(see, e.g., People v Agron,* 10 NY2d 130, 137, *cert denied* 368 US 922; *Martinez v Helen Apts.,* 40 AD2d 670, *affd* 32 NY2d 736). Although the device goes by various names, most people will know it when they see it.

The infant plaintiff, who was eight years old at the time of trial, testified that she was standing with both feet on the 7th rung of the 10-rung ladder, and was holding on to both handrails of the ladder when she fell. She did not know what caused her to fall, and the cause of the fall was never otherwise established. It was conceded, however, that at the

time she fell there were four teachers and/or assistants standing together approximately eight feet away from the slide.

The plaintiffs sought to hold the defendant liable in negligence on two grounds. Firstly, the plaintiffs claimed that the defendant was negligent with respect to its supervision of the infant plaintiff, because it did not have a teacher or assistant at the foot of the ladder to catch the infant plaintiff as she fell. Secondly, they alleged that the defendant was negligent with respect to the safety of the use of the slide, because it allegedly failed to place a mat at the foot of the ladder to minimize the impact of the fall. There was a factual question as to whether there was a mat at the foot of the ladder. The jury returned a verdict finding that the defendant was not negligent.

The plaintiffs contend that the trial court committed reversible error because it precluded their expert from giving testimony with respect to the placing of energy-absorbing materials at the bottom of the ladder of the slide. We disagree. The expert was permitted to testify fully with respect to his qualifications. Consequently, despite the plaintiffs' assertion to the contrary, the court did not limit the plaintiffs from laying the foundation for qualifying their expert (cf., *Werner v Sun Oil Co.*, 65 NY2d 839). After reviewing the expert's qualifications, the court ruled that the expert was not qualified to give the requested opinion regarding energy-absorbing materials. The expert was permitted, however, to testify as to his opinion regarding the supervision of children in a playground. We find that the trial court did not improvidently exercise its discretion in limiting the expert's testimony.

We find also that the trial court did not err in ordering a bifurcated trial. "As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried and determined separately" (*Parmar v Skinner*, 154 AD2d 444, 445; see also, *Gee v New York City Tr. Auth.*, 135 AD2d 778). It is only where the nature of the injuries has an important bearing on the issue of liability that a joint trial of both issues is permitted (see, *DeGregorio v Lutheran Med. Ctr.*, 142 AD2d 543; *Roman v McNulty*, 99 AD2d 544). The trial court properly denied the plaintiffs' application for a joint trial, as the plaintiffs failed to show a need to introduce evidence of the alleged injuries in order to establish liability (see, *Gee v New York City Tr. Auth.*, supra; *Smith v Sullivan*, 99 AD2d 776).

We find the plaintiffs' remaining contentions to be unpre-

served for appellate review or meritless. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.