■ WILLIAM RANEY, Appellant, v SUFFOLK OBSTETRICAL & GYNECOLOGICAL ASSOCIATES, P. C., et al., Respondents. [606 NYS2d 729] —In an action to recover damages for personal injuries and wrongful death based on medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered January 28, 1991, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On December 31, 1981, Lorraine Raney died at St. Charles Hospital while under the care of the defendants. The plaintiff, the decedent's surviving spouse, commenced an action alleging medical malpractice, and a trial resulted in a verdict for the defendants. The plaintiff now appeals, urging that he was prejudiced by the Supreme Court's failure, in marshaling the evidence, to address the testimony of two of the doctors who testified for the plaintiff. We disagree.

The plaintiff has not shown that the charge demonstrated mistrust or bias, or conveyed an impression that the court had an opinion in the matter *(see, Altman v Deepdale Gen. Hosp.,* 124 AD2d 768). We find that the court's charge, as a whole, was neither unbalanced nor prejudicial.

In any event, any prejudice that may have resulted from the claimed inadequacy in the court's review of the evidence was obviated by the court's admonition to the jurors that their own recollections of the testimony were to control *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715).

Nor is there merit to the plaintiff's further contentions. It was within the trial court's discretion to refuse permission for the plaintiff's attorney to display a chart to the jury during summation *(see, Johnston v Colvin,* 145 AD2d 846; *Hiliuk v Daponte,* 100 AD2d 612; *Carroll v Roman Catholic Diocese,* 26 AD2d 552, *affd* 19 NY2d 658). Furthermore, it was not revers-

ible error to refuse the plaintiff's requested jury instructions on inconsistent statements and circumstantial evidence *(see,* PJI 1:66, 1:70 [2d ed]).

The remaining contention that certain questions should have been permitted as hypotheticals is unpreserved for appellate review *(see, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140), and, in any event, without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.