■ Nam Koo Hyung et al., Appellants, v Bernard B. Perlman et al., Defendants and Flushing Hospital, Respondent. [632 NYS2d 646] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), entered September 29, 1993, which, upon a jury verdict in favor of the defendant Flushing Hospital and against them, dismissed the complaint insofar as it is asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff Nam Koo Hyung sustained injury to his spine

when he slipped and fell. After spending one week in Flushing Hospital, he was operated on by Dr. Bernard Perlman to remove a portion of a herniated disc. A first year resident was assigned by the Hospital to assist Dr. Perlman, and did so by holding the nerve root as retracted by Perlman. Following the operation the injured plaintiff suffered, among other things, permanent paralysis of the anal and ureter sphincters. He and his wife, the plaintiff Jung Sun Hyung, subsequently commenced this medical malpractice action against, among others, Perlman and Flushing Hospital. After settling the claims against the other defendants, a trial was held against Flushing Hospital. The jury entered a verdict in favor of the Hospital, and this appeal ensued.

There is no merit to the plaintiffs' allegation that the trial court, to the extent that it marshaled the evidence, did so unfairly and summarized the plaintiffs' contentions briefly while presenting a detailed outline of the defendant's contentions. While the procedure followed by the court in obtaining the parties' written contentions may leave something to be desired, the plaintiffs were free to submit detailed contentions which incorporated the evidence by which those contentions were supported, as their adversary did. Their failure to do so is not a fault of the trial court, and does not warrant reversal (see, Raney v Suffolk Obstetrical & Gynecological Assocs., 200 AD2d 612; Norfleet v New York City Tr. Auth., 124 AD2d 715).

The plaintiffs' remaining contentions do not warrant reversal under the circumstances of this case. Joy, J. P., Altman, Hart and Krausman, JJ., concur.