■ PATRICK FABER, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [642 NYS2d 279] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered December 13, 1995, which granted defendants' motions for a bifurcated trial, unanimously affirmed, without costs.

Plaintiff alleges that he was made dizzy when he was hit in the head by the door of a malfunctioning elevator in a Housing Authority building and that the dizziness later caused him to fall off a subway platform and be hit by an oncoming train. Defendants Transit Authority, Housing Authority and elevator maintenance company, who defend on the basis that plaintiff jumped off the platform in an apparent suicide attempt, want a bifurcated trial, arguing that plaintiff's injuries, which include amputation of one leg and paralysis, have no important bearing on the issue of liability. In opposition, plaintiff argues,

albeit without expert support, that had he jumped off the platform he would have sustained additional injuries to his upper torso, such that his injuries do have a bearing on the issue of liability. Assuming this to be true, plaintiff's concerns should have been assuaged by defendants' offer to stipulate to the absence of torso injuries and not to oppose the introduction of evidence of the head injury caused by the elevator door. Thus, plaintiff will be able to make the liability jury aware of the nature of his injuries to the extent necessary to show that a head injury caused him to fall off the platform and to argue that torso injuries would be present had he jumped. Although plaintiff does not argue that his leg and spinal injuries could only have happened if he fell, making those injuries seemingly irrelevant to liability, simple observation will make the jury aware at least of plaintiff's loss of a leg. Bifurcated trials are encouraged (22 NYCRR 202.42 [a]) unless the nature of the injuries are such as to have an important bearing on liability (*Mignott v Sears, Roebuck & Co.*, 101 AD2d 731), and are meant precisely for situations such as this. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.