■ THERESA ROTHBARD et al., Appellants, v F. W. WOOL-WORTH Co., Respondent. [650 NYS2d 282] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered September 25, 1995, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried and determined separately (see, CPLR 603; *Martinez v Town of Babylon,* 191 AD2d 483, 484; *Armstrong v Adelman Automotive Parts Distrib. Corp.,* 176 AD2d 773; *Parmar v Skinner,* 154 AD2d 444, 445; *Louise B. G. v New York City Bd. of Educ.,* 143 AD2d 728, 729). It is only where the nature of the injuries sustained has an important bearing on the issue of liability that a joint trial on both issues is permitted (see, *Dulin v Maher,* 200 AD2d 707; *Amato v Hudson Country Montessori School,* 185 AD2d 803; *DeGregorio v Lutheran Med. Ctr.,* 142 AD2d 543). Here, the plaintiffs failed to show a need to introduce evidence of the injuries suffered by the plaintiff Theresa Rothbard in order to establish liability. Accordingly, the trial court properly denied their application for a unified trial (see, *Dulin v Maher,* 200 AD2d 707, *supra; Martinez v Town of Babylon,* 141 AD2d 483, *supra; Armstrong v Adelman Automotive Parts Distrib. Corp., supra; Amato v Hudson County Montessori School, supra*).

The plaintiffs have not shown that the trial court's supplemental charge demonstrated mistrust or bias, or conveyed an impression that the court had an opinion in the matter (see, *Raney v Suffolk Obstetrical & Gynecological Assocs.,* 200 AD2d 612; *Altman v Deepdale Gen. Hosp.,* 124 AD2d 768, 769). In any event, any prejudice that might have resulted from the court's charge was obviated by the court's repeated admonitions to the jurors that their own recollections of the evidence were to control (see, *Raney v Suffolk Obstetrical & Gynecological Assocs., supra; Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 717.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.