■ HECTOR BARRERA et al., Respondents, v SKAGGS-WALSH, INC., Appellant, and SEMYON ZALTSMAN et al., Respondents. (Action No. 1.) INSURANCE COMPANY OF NORTH AMERICA, Respondents, v SKAGGS-WALSH, INC., Appellant, and BURMAN CONTRACTING CORP., Respondent. (Action No. 2.) REALM NATIONAL INSURANCE COMPANY, Formerly Known as LLOYDS NEW YORK INSURANCE COMPANY, Respondent, et al., Plaintiff, v SKAGGS-WALSH, INC., Appellant, and SEMYON ZALTSMAN et al., Respondents. (Action No. 3.) LEONID BOGORAD, Plaintiff, v SKAGGS-WALSH, INC., Appellant, and SEMYON ZALTSMAN et al., Respondents. (Action No. 4.) SEMYON ZALTSMAN et al., Respondents, v SKAGGS-WALSH, INC., Appellant, and BURMAN CONTRACTING CORP., Respondent. (Action No. 5.) [719 NYS2d 90] —In related actions, *inter alia*, to recover damages for injury to property, the defendant Skaggs-Walsh, Inc., appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated January 28, 2000, which denied its motion for a unified trial on the issues of liability and damages.

Ordered that the order is affirmed, with costs to the plaintiff-respondent in Action No. 3.

As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried separately (*see,* CPLR 603; *Rothbard v Woolworth Co.,* 233 AD2d 434). A party opposing bifurcation and seeking a unified trial on those issues must show that the nature of the injuries has "an important bearing" on the issue of liability (*Martinez v Town of Babylon,* 191 AD2d 483).

The appellant Skaggs-Walsh, Inc., serviced an oil burner which caused a fire resulting in damages to tenants and owners of adjacent buildings. It did not demonstrate that evidence of those damages is necessary to establish its lack of negligence in the maintenance of the oil burner. Accordingly, the Supreme Court properly denied its motion for a unified trial (see, *Armstrong v Adelman Automotive Parts Distrib. Corp.,* 176 AD2d 773). Bracken, Acting P. J., O'Brien, Santucci and McGinity, JJ., concur.