(January 17, 2012)

■ RACHEL ABRAMS, an Infant, by Her Mother and Natural Guardian, DVORA ABRAMS, et al., Appellants, v EXCELLENT BUS SERVICE, INC., et al., Respondents. [937 NYS2d 117]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On February 11, 2007, the plaintiff Rachel Abrams (hereinafter the injured plaintiff), then 15 years old, allegedly injured her right knee when she fell while returning to her seat from the bathroom on a moving coach bus. She alleged that the bus swerved, causing her to fall. The injured plaintiff, and her mother derivatively, commenced this negligence action against the defendants, Excellent Bus Service, Inc., the owner of the bus, and the individual who was driving the bus at the time of the incident. The defendants moved for summary judgment on the issue of liability and the plaintiffs cross-moved for a unified trial. In an order entered March 26, 2010, the Supreme Court denied both motions.

Following a trial on the issue of liability, the jury found that the defendants were not negligent in the operation of the bus. Thereafter, the Supreme Court entered a judgment, in effect, dismissing the complaint.

Courts are encouraged to conduct bifurcated trials in personal injury actions (*see* 22 NYCRR 202.42 [a]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343, 344 [2005]). Unified trials should only be held "where the nature of the injuries has an important bearing on the issue of liability" (*Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]). The decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion (*see* CPLR 603; *Wright v New York City Hous. Auth.*, 273 AD2d 378, 378 [2000]; *Lind v City of New York*, 270 AD2d 315, 316 [2000]; *McIver v Canning*, 204 AD2d 698, 699 [1994]). Here, the Supreme Court providently exercised its discretion in conducting a bifurcated trial, since the injured plaintiff's injuries did not have a bearing on the issue of liability.

Further, the Supreme Court properly denied the plaintiffs' request for a res ipsa loquitur charge. Such a charge is warranted only where a plaintiff establishes that (1) the type of accident at issue ordinarily does not occur in the absence of negligence, (2) the instrumentality causing the accident was in the defendant's exclusive control, and (3) the accident was not due to any voluntary action or contribution by the plaintiff (*see*

*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Di Santo v County of Westchester*, 210 AD2d 628, 629 [1994]). A fall on a moving bus is not the kind of event that ordinarily does not occur in the absence of negligence.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.