■ Felipe Patino, Respondent, v County of Nassau et al., Defendants, and, Richard S. Mohan, Appellant. (And a Third-Party Action.) [3 NYS3d 43]—

In an action to recover damages for personal injuries, the defendant Richard S. Mohan appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated June 3, 2013, which granted the plaintiff's motion for a unified trial on the issues of liability and damages.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for a unified trial on the issues of liability and damages is denied.

The plaintiff commenced this action to recover damages allegedly sustained while working at the Garden City Country Club. The plaintiff alleged that he was operating a golf cart around a turn when he was confronted by an oncoming golf cart operated by the defendant Richard S. Mohan, which was on the wrong side of the cart path. The plaintiff alleged that he was forced to swerve in an attempt to avoid a collision, and that his golf cart struck a metal guardrail, pinning his left leg between his golf cart and the guardrail. The plaintiff alleged that Mohan was negligent in the operation and control of his golf cart and that such negligence caused the plaintiff to sustain injuries to his left leg. In his answer, Mohan denied that he was negligent in the operation and control of his golf cart and asserted that the plaintiff's injuries were caused by the plaintiff's own negligence. At his deposition, Mohan testified that the plaintiff was operating his golf cart at a "very high rate of speed" and that the plaintiff made a wide turn around the corner just prior to the accident.

The plaintiff subsequently moved for a unified trial on the issues of liability and damages. The plaintiff contended that a unified trial was appropriate since medical evidence pertaining to his injuries had an important bearing on the issue of liability. In support of his motion, the plaintiff submitted, among other

things, the affidavit of an alleged expert in mechanical engineering, accident reconstruction, and biomechanics. The expert opined that, given the nature of the injuries sustained by the plaintiff, he could not have been operating his golf cart at a speed greater than one to three miles per hour at the time of the accident. The Supreme Court granted the plaintiff's motion for a unified trial, concluding that the plaintiff's injuries were "relevant to how the accident occurred." We reverse.

"In furtherance of convenience or to avoid prejudice [a] court . . . may order a separate trial of any claim, or of any separate issue" (CPLR 603). Furthermore, "[a] court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue" (CPLR 4011). These statutory provisions simply confirm that "the broad common-law powers of New York judges over conduct in their own courtrooms have been continued and have not been eliminated or impinged upon by any of the explicit CPLR provisions" (8-R4011 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 4011.03; *see Martin v Marshall*, 25 AD2d 594, 595 [1966]; *see also* Siegel, NY Prac § 394 at 687 [5th ed 2011]).

"Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]; *see Abrams v Excellent Bus Serv., Inc.*, 91 AD3d 681, 682 [2012]; *Wahid v Long Is. R.R. Co.*, 59 AD3d 712, 713 [2009]). "As a general rule, questions of liability and damages in a negligence action represent distinct and severable issues which should be tried and determined separately" (*Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]; *see Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682).

"The decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion" (*Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682; *see* CPLR 603, 4011). Unified trials should only be held "where the nature of the injuries has an important bearing on the issue of liability" (*Berman v County of Suffolk*, 26 AD3d at 308; *see Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682; *Barrera v Skaggs-Walsh, Inc.*, 279 AD2d 442, 442 [2001]; *Schwartz v Binder*, 91 AD2d 660, 660 [1982]; *Culley v City of New York*, 25 AD2d 519, 520 [1966]). However, even where a trial is bifurcated, some evidence of injuries may nevertheless be admitted, in the trial

court's discretion, to establish liability at the liability phase of the trial, so long as such evidence is probative of liability and accompanied by "an appropriate limiting instruction" (*Bennetti v New York City Tr. Auth.*, 22 NY2d 742, 743 [1968]; *see Jacobs v Broidy*, 88 AD2d 904, 904 [1982]; *Naumann v Richardson*, 76 AD2d 917, 917 [1980]; *Keating v Eng*, 50 AD2d 898, 898 [1975]; *see also* PJI 1:65).

Accordingly, when exercising its discretion in deciding whether to conduct a unified trial or a bifurcated trial, a court should determine whether the nature of the alleged injuries is probative of the issue of liability and, furthermore, should also evaluate the relative importance of such evidence to the parties' dispute (*compare Barrera v Skaggs-Walsh, Inc.*, 279 AD2d at 442, *with Costa v Hicks*, 98 AD2d 137, 143 [1983]). In addition, the probative value of such evidence to the issue of liability and its centrality to the parties' dispute should be weighed against the degree to which the gravity of such injuries will likely engender sympathy for the plaintiff and thereby pose a risk of prejudice to the defendant (*see Jochsberger v Morandi*, 157 AD2d 706, 706-707 [1990]; *see also* Siegel, NY Prac § 130 at 232 [5th ed 2011]).

Here, contrary to the Supreme Court's conclusion, the plaintiff failed to demonstrate that the nature of his injuries has an important bearing on the issue of liability. The expert affidavit submitted in support of his motion was conclusory and without probative value, inasmuch as it failed to set forth the reason for the expert's conclusion that the nature of the plaintiff's injuries demonstrated his precise speed at the time of the accident (*see Galarza v Crown Container Co., Inc.*, 90 AD3d 703, 704 [2011]; *Wahid v Long Is. R.R. Co.*, 59 AD3d at 713). Even if the opinion of the plaintiff's expert were probative of the issue of liability, the plaintiff failed to demonstrate that his expert's theory could not adequately be proven at the liability phase of a bifurcated trial (*cf. Bennetti v New York City Tr. Auth.*, 22 NY2d at 743). In contrast, given the nature and severity of the injuries alleged by the plaintiff, the numerous surgeries allegedly necessitated by those injuries, and the distinct categories of damages sought, there would be a palpable danger of confusion and prejudice to Mohan if the jury were exposed to the full extent of the plaintiff's case on the issue of damages while it was considering the issue of liability (*see Jochsberger v Morandi*, 157 AD2d at 706). Furthermore, the plaintiff failed to allege that his expert, who was not a medical doctor, would have to testify at both phases of a bifurcated trial or that a unified trial would otherwise result in increased judicial efficiency (*cf.*

*Carpenter v County of Essex*, 67 AD3d 1106, 1107-1108 [2009]). Under all of the circumstances of this case, the Supreme Court should have denied the plaintiff's motion for a unified trial on the issues of liability and damages (*see Galarza v Crown Container Co., Inc.*, 90 AD3d at 704; *Wahid v Long Is. R.R. Co.*, 59 AD3d at 713; *Jochsberger v Morandi*, 157 AD2d at 706).

In light of the foregoing, we need not reach Mohan's remaining contention. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.