■ ALISON WRIGHT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [39 NYS3d 36]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated December 7, 2015, which denied her motion for a unified trial on the issues of liability and damages.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was a passenger on the defendants' bus when it came to a sudden and violent stop, causing her to fall and sustain personal injuries. The plaintiff subsequently commenced this action against the defendants. The alleged operator of the subject bus asserted that the plaintiff did not fall inside his bus. The plaintiff moved for a unified trial on the issues of liability and damages, contending that evidence regarding her injuries was necessary to refute the defendants' contention that she did not fall inside their bus. The Supreme Court denied the motion.

"Courts are encouraged to conduct bifurcated trials in personal injury actions" (*Abrams v Excellent Bus Serv., Inc.*, 91 AD3d 681, 682 [2012]; *see* 22 NYCRR 202.42 [a]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343, 344 [2005]). "The decision whether to conduct a bifurcated trial rests within the discretion of the trial court, and should not be disturbed absent an improvident exercise of discretion" (*Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682; *see* CPLR 603, 4011). Unified trials

should only be held "where the nature of the injuries has an important bearing on the issue of liability" (*Berman v County of Suffolk*, 26 AD3d 307, 308 [2006]; *see Patino v County of Nassau*, 124 AD3d 738, 740 [2015]; *Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682; *Galarza v Crown Container Co., Inc.*, 90 AD3d 703, 703-704 [2011]).

Here, the plaintiff failed to show that evidence regarding the nature and extent of her injuries was probative in determining whether or not she fell inside the subject bus (*see Abrams v Excellent Bus Serv., Inc.*, 91 AD3d at 682; *Galarza v Crown Container Co., Inc.*, 90 AD3d at 703-704). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a unified trial on the issues of liability and damages. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.