Castro v Malia Realty, LLC (2019 NY Slip Op 06466)





Castro v Malia Realty, LLC


2019 NY Slip Op 06466


Decided on September 11, 2019


Appellate Division, Second Department


Scheinkman, P.J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-01683
 (Index No. 11628/11)

[*1]Manuel Castro, et al., appellants, 
v
Malia Realty, LLC, defendant third-party plaintiff-respondent; Target Contracting, LLC, third-party defendant-respondent.



APPEAL by the plaintiffs, in an action to recover damages for personal injuries, etc., from a judgment of the Supreme Court (Robert J. McDonald, J.), entered August 12, 2015, in Queens County. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant third-party plaintiff and against the plaintiffs dismissing the complaint.



Schwartz Goldstone & Campisi, LLP (Joshua Annenberg, New York, NY, of counsel), for appellants.
Silverson, Pareres & Lombardi LLP, New York, NY (Joseph T. Pareres and Rachel H. Poritz of counsel), for defendant third-party plaintiff-respondent.
Kelly, Rode & Kelly, LLP Mineola, NY (John W. Hoefling and Eric Tosca of counsel), for third-party defendant-respondent.



SCHEINKMAN, P.J.


OPINION & ORDER
Introduction
For decades, trial courts in the Second Judicial Department have, as a general rule, conducted trials in personal injury actions in a bifurcated manner, with the issue of liability tried before the issue of damages. In 1979, this Court adopted a rule, binding on the trial courts in this Department, requiring that a bifurcated trial be directed unless there were "exceptional circumstances" and "good cause" for holding a single, unified trial on the issues of liability and damages (22 NYCRR former 699.14[a]). In 1986, this rule was replaced by a uniform rule applicable to trial courts throughout the state providing that "[j]udges are encouraged to order a bifurcated trial [o]n the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42[a]). Although the statewide rule does not, on its face, contain as strong a presumption of bifurcation as did the former Second Department rule, this Court has continued to apply case law developed under the old rule to the effect that a unified trial should be held only where the nature of the injuries has an important bearing on the issue of liability. Cases from the other judicial departments indicate that a unified trial may be appropriate in other circumstances. In the case now before us, a unified trial should have been conducted but was not, due to the Supreme Court's perception that Second Department precedent is strictly and inflexibly in favor of bifurcation. In reversing and ordering a new, unified trial, we stress that bifurcation of the trial of personal injury cases is not absolutely required in the Second Department, [*2]and trial courts should use their discretion in determining, in accordance with the statewide rule, whether bifurcation will assist in clarifying or simplifying the issues and in achieving a fair and more expeditious resolution of the action (see 22 NYCRR 202.42[a]).
Factual and Procedural Background
According to the complaint, on June 15, 2010, the plaintiff Manuel Castro was working at a construction site when the scaffold upon which he was working "collapsed, slipped or otherwise failed to support [him], causing him to sustain . . . injuries." Castro and his wife, suing derivatively, commenced this action against Malia Realty, LLC (hereinafter Malia), the owner of the construction site, alleging causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiffs' verified bill of particulars alleged that Castro was "working from an elevated work platform and scaffold when it collapsed, causing [him] to fall roughly 6 to 7 feet to the ground below," and that he sustained brain, head, shoulder, and spine injuries as a result of the fall. Malia subsequently commenced a third-party action against Target Contracting, LLC (hereinafter Target), Castro's employer.
Immediately prior to trial, the plaintiffs moved for a unified trial on the issues of liability and damages. Although Malia did not oppose the motion, Target did. The plaintiffs contended that evidence regarding Castro's head and brain injuries was necessary to refute the contentions of Malia and Target, made in opposition to the plaintiffs' prior motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, that Castro did not fall from a scaffold and sustain a head injury, but rather, injured his neck and back as a result of lifting wooden planks. The plaintiffs' counsel informed the trial court that in opposing the plaintiffs' motion for summary judgment, Malia and Target had submitted medical records in which it was stated that the accident occurred when Castro lifted wood. Target's counsel stated that Target intended to present, during the liability portion of the trial, testimony from treating physicians who took a medical history from Castro of injuring himself by lifting a plank or moving a scaffold. The Supreme Court denied the plaintiffs' motion for a unified trial, holding that a bifurcated trial was "required under the [S]econd [D]epartment rules." The court stated that "in the interest of justice," it would allow the plaintiffs to cross-examine the treating physicians as to whether Castro's injuries were consistent with a fall, but further stated that it would not allow the plaintiffs to go "into too much detail."
At the ensuing trial on the issue of liability, Castro, who did not speak English well, testified that he was instructed by his foreman to lower some wooden planks down from a scaffold. Castro testified that he was required to work on a scaffold platform approximately seven feet above the ground and that he asked for a harness, but his foreman told him that there was only one on site and it was being used. Castro testified that as he was lowering a wooden plank from a higher platform, the scaffold platform he was standing on shifted, and he lost his balance and fell to the ground, losing consciousness. When he regained consciousness, no one was around. Castro managed to get up and find his foreman, telling him that he had fallen off the scaffold. Castro's foreman testified at the trial and corroborated that he had instructed Castro to climb the scaffold and bring down some wooden planks, that Castro had asked for a safety harness but one was not available, that the scaffold was not properly secured and would "move," and that Castro told him that he had fallen off the scaffold. The plaintiffs also presented the testimony of two of Castro's treating physicians, who testified that he reported falling from a scaffold and sustaining head, neck, shoulder, arm, leg, and back injuries, and that Castro's injuries were consistent with a fall. However, the trial court prohibited the plaintiffs from eliciting testimony from Castro's treating neurologist regarding the results of diagnostic testing of Castro's brain.
Target presented testimony from another of Castro's treating physicians, who stated that Castro reported sustaining neck, back, and shoulder injuries as a result of lifting wooden planks, that Castro's injuries were consistent with lifting wooden planks, and that Castro did not complain of a head or brain injury. On cross-examination, that treating physician testified that Castro's injuries were consistent with a fall.
The jury returned a verdict finding that Castro did not fall from a scaffold on June 15, 2010. The plaintiffs now appeal from a judgment in favor of Malia and against them dismissing the complaint.
Analysis
CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate [*3]issue. The court may order the trial of any claim or issue prior to the trial of the others." CPLR 4011 provides that the "court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum."
These statutory provisions "confirm that the broad common-law powers of New York judges over conduct in their . . . courtrooms have been continued and have not been eliminated or impinged upon by any of the explicit CPLR provisions'" (Patino v County of Nassau, 124 AD3d 738, 739, quoting 8-4011 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 4011.03; see Siegel & Connors, NY Prac § 394 [6th ed June 2019 Update]).
In 1979, the Appellate Division, Second Department adopted a rule which stated that "[i]n all negligence actions to recover damages for personal injury, the issues of liability and damages shall be severed and the issue of liability shall be tried first. In exceptional circumstances, for reasons to be stated in the record, where, in the discretion of the judge presiding over the calendar part, good cause exists as to why such a severance should not be granted; he may order a single trial on the issues of liability and damages" (22 NYCRR former 699.14[a]).
In its adjudicatory role of applying the rule to particular cases, this Court determined that such "exceptional circumstances" existed when the issues of liability and damages were "intertwined" (Curry v Moser, 89 AD2d 1, 9 [internal quotation marks omitted]; see Naumann v Richardson, 76 AD2d 917, 917-918) or where the "nature of the injuries ha[d] an important bearing on the issue of liability" (Schwartz v Binder, 91 AD2d 660, 660; see Bennetti v New York City Tr. Auth., 22 NY2d 742, 743; Roman v McNulty, 99 AD2d 544; Jacobs v Broidy, 88 AD2d 904).
In 1986, 22 NYCRR former 699.14 was replaced by 22 NYCRR 202.42, a uniform rule that applies to trial courts throughout the state. The rule provides that "[j]udges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 202.42[a]).
Although 22 NYCRR 202.42(a) encourages bifurcation where it may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action, it does not, on its face, contain as strong a presumption in favor of bifurcation as did 22 NYCRR former 699.14(a). Nevertheless, while this Court has repeatedly stated that the determination of whether to conduct a bifurcated trial rests within the discretion of the trial court and should not be overturned absent an improvident exercise of discretion (see Wright v New York City Tr. Auth., 142 AD3d 1163; Patino v County of Nassau, 124 AD3d at 739; Abrams v Excellent Bus Serv., Inc., 91 AD3d 681, 682), we have also continued to state that "[u]nified trials should only be held where the nature of the injuries has an important bearing on the issue of liability" (Wright v New York City Tr. Auth., 142 AD3d at 1163-1164 [internal quotation marks omitted]; see Parris v New York City Tr. Auth., 140 AD3d 938, 939; Patino v County of Nassau, 124 AD3d at 739; Abrams v Excellent Bus Serv., Inc., 91 AD3d at 682; Galarza v Crown Container Co., Inc., 90 AD3d 703, 703-704; Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc., 85 AD3d 1018, 1019; Gee v New York City Tr. Auth., 135 AD2d 778, 779). In some cases, we have stated that a unified trial is "permitted" only when the nature of the injuries has an important bearing on the issue of liability (Rothbard v F.W. Woolworth Co., 233 AD2d 434; see Amato v Hudson Country Montessori School, 185 AD2d 803, 804). We have also stated that the " party opposing bifurcation has the burden of showing that the nature of the injuries necessarily assists the factfinder in making a determination with respect to the issue of liability'" (Parris v New York City Tr. Auth., 140 AD3d at 939, quoting Carbocci v Lake Grove Entertainment, LLC, 64 AD3d 531, 532; see Galarza v Crown Container Co., Inc., 90 AD3d at 704).
The advantage of bifurcation "is that if the liability issue is determined in the defendant's favor, there is no need to try damages, which can involve expensive expert witnesses and other proof" (Siegel & Connors, NY Prac § 130 [6th ed June 2019 Update]). In addition, evidence of the gravity of the plaintiff's injuries may "engender sympathy for the plaintiff and thereby pose a risk of prejudice to the defendant" (Patino v County of Nassau, 124 AD3d at 740; see Jochsberger v Morandi, 157 AD2d 706, 706-707). A limiting instruction can dispel this potential prejudice (see Bennetti v New York City Tr. Auth., 22 NY2d at 743; Patino v County of Nassau, 124 AD3d at 740). On the other hand, where the same experts would give testimony on both liability and damages, bifurcation creates the prospect that expensive experts would be required to testify twice. Further, if jurors know that a verdict in favor of the defendant on liability means that their [*4]jury service will end earlier, this might improperly incentivize at least some jurors to lean against a finding in favor of the plaintiff on the issue of liability (see Bill Greenberg, Potential Constitutional Implications of Bifurcation in Personal Injury Cases?, NYLJ, Apr. 7, 2017 at 4, col 4).
Each of the other three Appellate Division departments has cases that were decided after the adoption of 22 NYCRR 202.42(a) to the effect that issues of liability and damages in a negligence action should generally be tried separately and should be tried together only when the nature of the injuries has an important bearing on the question of liability, such as when the injuries are inextricably intertwined with the question of liability or when the injuries themselves are probative in determining how the incident occurred (see Piccione v Tri-main Dev., 5 AD3d 1086, 1087 [4th Dept]; Barron v Terry, 268 AD2d 760, 761 [3d Dept]; Faber v New York City Hous. Auth., 227 AD2d 248, 249 [1st Dept]). However, it appears that the First and Third Departments have relaxed this standard in more recent cases. For example, in Johnson v Hudson Riv. Constr. Co., Inc. (13 AD3d 864), the Third Department found that the denial of a motion to bifurcate was not an abuse of discretion under the circumstances of that case, where "if the trial was bifurcated, [the] decedent's spouse would have to endure two trials and it is likely that two separate juries would need to be empaneled due to the coordination of expert witnesses" (id. at 865). As another example, in Sommer v Pierre (51 AD3d 464), the First Department found that the Supreme Court providently exercised its discretion in denying a motion to bifurcate because under the circumstances of that case, "fairness and convenience weigh[ed] in favor of a unified trial, which [would] serve to prevent a verdict based on undue sympathy for either party" (id. at 465).
There is little doubt but that the Bench and the Bar in the Second Department perceive that our precedent is, in contrast to the approach of the other departments, inflexibly, or nearly inflexibly, in favor of bifurcation. We stress today that the trial courts in the Second Department have the discretion to determine whether a personal injury trial should be unified or bifurcated in accordance with the standard set forth in the statewide rule.
Here, by any standard, a unified trial was warranted. Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). Malia and Target disputed the plaintiffs' claim that Castro fell from a scaffold and contended that the accident resulted not from an elevation-related risk, but from Castro's action in lifting wooden planks. Evidence relating to Castro's brain injuries, which would not have occurred from lifting wooden planks, was probative in determining how the incident occurred (see Carbocci v Lake Grove Entertainment, LLC, 64 AD3d 531, 532; Byrd v New York City Tr. Auth., 172 AD2d 579, 581; DeGregorio v Lutheran Med. Ctr., 142 AD2d 543, 544). Thus, the nature of the injuries had an important bearing on the issue of liability.
The Supreme Court did not exercise its available discretion in denying the plaintiffs' motion for a unified trial. The court's determination was predicated upon its perception that a bifurcated trial was strictly required by the Second Department's "rules." However, neither the statewide rule nor the governing precedent absolutely requires that the trial of a personal injury action be bifurcated. Although bifurcation is encouraged in appropriate settings, bifurcation is not an absolute given and it is the responsibility of the trial judge to exercise discretion in determining whether bifurcation is appropriate in light of all relevant facts and circumstances presented by the individual cases.
The trial court in this case did permit the plaintiff to elicit testimony from his treating neurologist that Castro's injuries were consistent with a fall and not with a lifting injury, an opinion that was vigorously tested during cross-examination, but the court refused to permit the witness to explain on either direct or redirect examination certain diagnostic test results and how those results supported the expert's opinion that Castro sustained injuries as the result of a fall.
Due to the trial court's rulings, the medical testimony at the liability phase of the trial was essentially limited to whether the medical records demonstrated a history consistent with a fall from a scaffold or from lifting wooden planks. Testimony concerning causation and the nature and extent of Castro's injuries was not permitted. Because the issues of liability and Castro's injuries were so intertwined, the court's insistence upon bifurcation and its ensuing limitations on the scope of the medical evidence that could be elicited by the plaintiffs deprived them of a fair trial.
In sum, this was not a case in which bifurcation would simplify or clarify the issues, [*5]and it was not one in which bifurcation brought about a fair resolution of the action (see 22 NYCRR 202.46[a]). We therefore reverse the judgment and grant a new trial (see Wright v New York City Hous. Auth., 273 AD2d 378).
The plaintiffs' remaining contentions are either without merit or need not be reached in light of the foregoing.
Accordingly, the judgment is reversed, on the facts and in the exercise of discretion, the verdict is set aside, the plaintiffs' motion for a unified trial on the issues of liability and damages is granted, and the matter is remitted to the Supreme Court, Queens County, for a new, unified trial on the issues of liability and damages.
LASALLE, BARROS and IANNACCI, JJ., concur.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with one bill of costs, the verdict is set aside, the plaintiffs' motion for a unified trial on the issues of liability and damages is granted, and the matter is remitted to the Supreme Court, Queens County, for a new, unified trial on the issues of liability and damages.
ENTER:
Aprilanne Agostino
Clerk of the Court