**Nevins v Six Flags Entertainment Corp.**

2024 NY Slip Op 31976(U)

June 6, 2024

Supreme Court, Kings County

Docket Number: Index No. 519062/2017

Judge: Wayne Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on the 6th day of
June 2024.

P R E S E N T:

HON.   WAYNE SAITTA, Justice.
-------------------------------------------------------------X
LISA NEVINS

          Plaintiff

   -against-

SIX FLAGS ENTERTAINMENT CORP. and
SIX FLAGS OPERATIONS, INC.,


          Defendants
-------------------------------------------------------------X

Index No. 519062/2017

MS 5


Order

The following papers read on this motion:

| | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 65-79 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 84-85 |
| Reply Affidavit (Affirmation) | 86 |
| Supplemental Affidavit (Affirmation) | |

Plaintiff moves for a unified trial in this personal injury action arguing that the injuries Plaintiff suffered are relevant to the question of liability, and that the injuries offer proof as to how the incident occurred and whether due care was exercised.

Defendant opposes arguing that the injuries claimed are not relevant to the question of liability.

Plaintiff alleges she was injured while riding a roller coaster in which she was not tightly restrained. Plaintiff alleges that Defendants' employees did not set the safety lap bar on the ride so that it touched any part of her body, resulting in her upper body being

[* 1]

bounced around the car during the ride, while her head was significantly jolted forward and back and from side to side.

Plaintiff alleges that as a result of not being tightly restrained in the seat, she suffered concussive brain injury and traumatic injury to the cervical spine.

Defendants argue that based on Plaintiff's pleadings, she has the burden of proving that she hit her head or was at least jostled while riding the roller coaster as a result of the manner that the lap bar was positioned.

The lap bar can be set in several different positions at varying distances from the rider's body.

According to the deposition testimony of Frank Ward, a Maintenance Manager of Defendants, the lap bar is set in two steps. First, the ride operator would push a button to engage the bar mechanically. The button engages every lap bar on the train into the position that is furthest away from the rider's body. Second, after the operator has engaged the lap bars, the operator or attendant manually adjusts each rider's lap bar to a position that is tightest against the rider's body in order to restrain the rider. Ward testified that this is done to prevent injury.

Pursuant to 22NYCRR 202.42(a), "Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action".

An exception to this rule is that unified trials should be held where the nature of the injuries has an important bearing on the issue of liability" (*Bennetti v. New York City Transit Authority*, 22 NY2d 742 [1968]; *Marisova v. Brewster*, 2024 Slip Op 00414 [2d Dept 2024]; *Castro v. Malia LLC,* 177 AD3d 58 [2d Dept 2019]; *Wright v. New York City Tr. Auth.,* 142 AD3d 1163 [2d Dept 2016]).

2

[* 2]

However, the determination of whether to conduct a bifurcated trial rests within the discretion of the trial court and should not be overturned absent an improvident exercise of discretion (*Wright v. New York City Tr. Auth.*, 142 AD3d 1163 [2d Dept 2016]; *Patino v. County of Nassau*, 124 AD3d 738 [2d Dept 2015]).

The question on liability in this case turns on whether Defendants' employee failed to adjust the lap bar to a position that would have restrained Plaintiff during the ride. This issue is properly established by the testimony of lay witnesses who witnessed Plaintiff during or immediately after the ride.

At the liability phase of the trial, Plaintiff is not required to prove that she was injured, but only that she was not restrained because the lap bar was not set tightly enough.

Plaintiff argues that unification is necessary because of the nature of the incident which was not a typical accident. Plaintiff contends that the negligence occurred before the ride, when the lap bar was not properly adjusted, and that the injuries were sustained during the course of the ride. However, the question of whether Plaintiff was jolted during the ride because she was not restrained is distinct from the question of what injuries she may have suffered because she was unrestrained.

Plaintiff further argues that if the trial was bifurcated a question on a liability verdict sheet concerning proximate cause could not be "Was Defendants' negligence a proximate cause of the accident", because there was no accident. Rather, that the only proximate cause question could be "Was the Defendants' negligence a proximate cause of the Plaintiff's injuries?", and therefore evidence of the injuries is necessary.

However, the second question on a liability phase of the trial would more properly be, "Was the negligence of Defendants a proximate cause of Plaintiff not being restrained

[* 3]

in her seat?". The jury would not need evidence of the Plaintiff's injuries to answer this

question.

      WHEREFORE, it is ORDERED that Plaintiff's motion for a unified trial is denied.

E N T E R:

_____
JSC

**HON. WAYNE SAITTA**
**J.S.C.**

[* 4]