Schottenstein Pain & Neuro, PLLC v Travelers Ins. Co. (2020 NY Slip Op
51549(U))

[*1]

Schottenstein Pain & Neuro, PLLC v Travelers Ins. Co.

2020 NY Slip Op 51549(U) [70 Misc 3d 131(A)]

Decided on December 23, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2262 K C

Schottenstein Pain & Neuro, PLLC, as
Assignee of Hua Zheng, Respondent,
against
Travelers Insurance Company, Appellant.

Law Office of Aloy O. Ibuzor (Michael J. Rivers of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered May 11, 2018. The order granted plaintiff's motion for summary
judgment and denied defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court entered May 11, 2018 which, applying New York law,
granted plaintiff's motion for summary judgment and denied defendant's cross motion for
summary judgment dismissing the complaint. The written order states, in part, that "[e]ven
though the underlying accident took place in New Jersey, defendant did not prove that New
Jersey law should apply in this case and that [the] case should be tried in a New Jersey arbitration
forum." Defendant's sole appellate contention is that the Civil Court should have found that the
law of New Jersey controlled.
"This conflict of law, although arising in the context of a motor vehicle accident, must be
resolved by the conflict of law rules relevant to contracts, not torts" (Matter of Eagle Ins. Co.
v Singletary, 279 AD2d 56, 58 [2000]; see Zurich Ins. Co. v Shearson Lehman
Hutton, 84 NY2d 309, 319 [1994]; Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs.
Ins. Co.], 81 NY2d 219, 226 [1993]). In Auten v Auten (308 NY 155, 160-161
[1954]), the Court of Appeals developed a flexible "center of gravity" or "grouping of contacts"
approach which gave controlling effect to the law of the state that has "the most significant
relationship to the transaction and the parties" (Restatement [Second] of Conflict of Laws §
188 [1]; see also Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81
NY2d at 226 ["spectrum of significant contacts"]).
It is uncontroverted that the automobile accident took place in New Jersey and that a [*2]conflict exists between the no-fault laws of New York and New
Jersey. The record on appeal indicates that the assignor is a New York resident who received
medical services in New York from a New York provider. Defendant's insurance policy was a
Massachusetts business automobile policy issued to a Massachusetts corporation which owned
the vehicle involved in the accident and in which the assignor was a passenger. We find that the
Civil Court properly determined that New York law controls, since New York has the most
significant contacts (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.],
81 NY2d at 226; Auten v Auten, 308 NY at 160-161), as both the assignor and medical
provider are located in New York. We note that defendant's papers failed to establish that New
Jersey has more significant contacts than New York. Defendant's remaining contentions lack
merit.
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2020