Mollo Chiropractic, PLLC v American Commerce Ins. Co. (2020 NY Slip Op
51548(U))

[*1]

Mollo Chiropractic, PLLC v American Commerce Ins. Co.

2020 NY Slip Op 51548(U) [70 Misc 3d 131(A)]

Decided on December 23, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

&em;

Mollo Chiropractic, PLLC, as Assignee of
Jason Solas, Appellant, 
against
American Commerce Insurance Company,
Respondent.

Lower Court # 131906/09
The Rybak Firm, PLLC, (Damin J. Toell and Karina Barska of counsel), for appellant.
Bruno, Gerbino. Soriano & Aitken, LLP, (Nathan M. Shapiro and Shaun Malone of
counsel), for respondent.

Appeals from two judgments of the Civil Court of the City of New York, Kings County
(Steven Z. Mostofsky, J.), entered December 5, 2017 and February 8, 2018, respectively. Each
judgment, after a consolidated nonjury trial of the two above-captioned actions, dismissed the
respective complaint.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the judgments are affirmed, with $25 costs on each appeal.
In these two actions by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from two judgments, each of which, after a consolidated nonjury trial, dismissed the
respective complaint on the ground of lack of medical necessity.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]).
Here, as the court implicitly determined, defendant's expert witness adequately provided a
factual basis and medical rationale for his conclusion that there was no medical necessity for the
services at issue in each case, manipulation under anesthesia (MUA). Contrary to plaintiff's
contentions, the court did not rely on any evidence provided by defendant's expert that [*2]impermissibly went beyond the scope of the peer review report (see Radiology Today, P.C. v Geico Ins.
Co., 58 Misc 3d 132[A], 2017 NY Slip Op 51768[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; Park Slope
Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY
Slip Op 50349[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Defendant's
experts's theory in both his peer review report and at trial was, essentially, that MUA is an
"aggressive" and possibly dangerous treatment and should therefore be used very rarely, limited
to cases where, among other things, there has first been improvement with a course of traditional
chiropractic care, and that the records here were inconsistent and not clear enough to show that
this was one of those cases. The court was entitled to credit that testimony. The court also
implicitly found that plaintiff's witness's testimony was less credible and failed to sufficiently
rebut defendant's expert's testimony.
To the extent plaintiff argues that the Civil Court erred in sustaining objections to questions
regarding an MUA textbook that was not in evidence, "since [plaintiff] failed to identify any
prejudice which resulted from such alleged error, we conclude that the error, if any, was
harmless" (Edwards v Nemet Motors,
LLC, 60 Misc 3d 28, 31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018];
see CPLR 2002; Parris v New
York City Tr. Auth., 140 AD3d 938 [2016]). Plaintiff's remaining contentions were
either not raised in the Civil Court or lack merit.
Accordingly, the judgments are affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2020